# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Commonwealth of Virginia

v.

James R. Boughton, Jr.

August 22, 2006

Case Nos. CR06-2374, CR06-2375,
CR06-2376, CR06-2377, CR06-2378, CR06-2379

BY JUDGE FREDERICK H. CREEKMORE

This matter is before the Court on defendant's Motion to Transfer Venue. Defendant has moved for a change of venue pursuant to Virginia Code § 19.2-251, on the basis that the subject matter of the indictment has been a "high-profile" news story that has been heavily reported on by multiple local news outlets. Defendant is asking that venue be moved outside the Hampton Roads area.

The purpose of a change of venue is to accord litigants, both the Commonwealth and the defendant, a fair and impartial trial. *Newcomer v. Commonwealth*, 220 Va. 64, 67, 255 S.E.2d 485, 487 (1979). However, "there is a presumption that a defendant can receive a fair trial from the citizens of the jurisdiction in which the offense occurred. It is the burden of the defendant to overcome this presumption by demonstrating that the feeling of prejudice on the part of the citizenry is widespread and is such that would 'be reasonably certain to prevent a fair trial'." *Mueller v. Commonwealth*, 244 Va. 386, 398, 422 S.E.2d 380, 388 (1992) (quoting *Stockton v. Commonwealth*, 227 Va. 124, 137, 314 S.E.2d 371, 380 (1984)).

The defendant's mere apprehension that he cannot secure a fair trial in Chesapeake is not sufficient to support a motion for a change of venue. The defendant "must establish by independent and disinterested testimony such facts as make it appear probable, at least, that his fears and belief are well founded." *Slayton v. Commonwealth*, 185 Va. 371, 380, 38 S.E.2d 485, 490 (1946). A claim of sheer volume of media coverage, standing alone, "does not suffice to require a change of venue." *Briley v. Commonwealth*, 221 Va. 532, 538, 273 S.E.2d 48, 52 (1980); *see Mueller*, 244 Va. at 398, 422 S.E.2d at 388 ("Extensive media coverage which discloses information about the accused, including his criminal record, does not, of itself, mandate a change of venue."). A significant factor in determining whether a change of venue is warranted is whether the media reports are factual and accurate. *Mueller*, 244 Va. at 398, 422 S.E.2d at 388. A defendant must show that the publicity about which he complains is either "inaccurate or intemperate." *Briley*, 221 Va. at 537, 273 S.E.2d at 52. Prospective jurors are not required or expected to be "completely ignorant of the facts and the issues surrounding a highly publicized case; all that is required is that a prospective juror can lay aside his or her impression or opinion and render a verdict based upon the law and evidence." *Ascher v. Commonwealth*, 12 Va. App. 1105, 1114, 408 S.E.2d 906, 912 (1991) (citing *Irvin v. Dowd*, 366 U.S. 717, 723 (1961)).

In the instant case, the Court is of the opinion that defendant has only alleged potential prejudice as a result of the sheer volume of media coverage; he has not alleged or shown that any media reports were inaccurate or intemperate. Further, the defendant has not shown the existence of such a widespread feeling of prejudice among the citizenry as would prevent a fair trial. Therefore, at this point, the defendant's Motion for Change of Venue is denied.